
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 01 2005
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **RICKY LANE YATES** | DOCKET NO. 1:05 CV 0943 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **PAT THOMAS, ET AL.** | MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **RICKY LANE YATES**, ("Plaintiff"). [Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on July 25, 2005. [Rec. Doc. 7]. Plaintiff is currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. [Rec. Doc. 1, p.1] Named as defendants are: Pat Thomas, Kathleen Richardson, John Creel, Jammie Malone, Lou Rodriguez, Tina Gold, and Mona Heyse. [Doc. 1-1, p. 1]

Plaintiff alleges the defendants provided him with inadequate medical care in violation of the constitution by failing to treat his injuries sustained in an accident.

At this time the Court is unable to proceed on Plaintiff's claim without more information. Plaintiff has been granted permission to proceed *in forma pauperis* in the instant action, therefore, his complaint is subject to the screening provisions established in 28 U.S.C.§ 1915(e). Accordingly, in order to

determine if is his civil rights claim is actionable, he should amend to provide this court with more information. See <u>Talib v. Gilley</u>, 138 F.3d 211 (5th Cir. 1998) (allowing the use of questionnaires or an evidentiary hearing in order to aid a court in the determination if an *in forma pauperis* complaint is frivolous).

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. <u>Randolph v. Cervantes</u> 130 F.3d 727 (5th Cir. 1997); <u>Pitrowski v. City of Houston</u>, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff's conclusive allegations, without more, do not sufficiently meet the above requirements.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant.

**EXHAUSTION**

Furthermore, Plaintiff appears to have not fully exhausted all administrative remedies available to him **BEFORE proceeding with this action in federal court.**[1] Plaintiff is reminded that the PLRA makes exhaustion of administrative remedies a pre-requisite to proceeding in federal court. Plaintiff is required, pursuant to federal law, to exhaust all available administrative remedies, regarding his claim, before proceeding herein. Plaintiff has failed to demonstrate that he has exhausted administrative remedies with respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a) makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that "the PLRA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 525, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Even when

---

[1] Plaintiff has two previous suits dismissed for failure to exhaust prior to proceeding in federal court. See 1:2004cv1109; and 1:2003cv2245; both in the Western District of Louisiana.

3

the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 1827, 149 L.Ed.2d 958 (2001)."Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." Id.

Plaintiff is hereby put on notice that when a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the prisoner's complaint should be dismissed without prejudice, thereby allowing the refiling after exhausting his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998). Plaintiff should provide documentary evidence of exhaustion.

**MEDICAL CARE CLAIM**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged

4

deprivation was committed by a person acting under the color of state law. <u>Randolph v. Cervantes</u> 130 F.3d 727 (5th Cir. 1997); <u>Pitrowski v. City of Houston</u>, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986).

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271 (1991); <u>Varnado v. Lynaugh,</u> 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993); See also, <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993)(It is well established that negligent or erroneous medical

5

treatment or judgment does not provide a basis for a § 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322- 23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, Stewart v Murphy, 174 F.3d at 534; Mendoza, 989 F.2d at 195; and Varnado, 920 F.2d at 321.

**Plaintiff should provide facts that indicate deliberate indifference on the part of prison officials.**

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment. The amendment should not exceed five (5) typewritten or ten (10) handwritten pages, one side ONLY.

**IT IS FURTHER ORDERED** that within **thirty (30) days of service**

6

of this order, plaintiff provide this court with documentary proof that he exhausted ALL administrative remedies in connection with the claims asserted herein and responses, provided by the proper parties, thereto.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address pursuant to LR 41.3W.**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE