RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _10_, _7_ _US_
BY _____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| Ricky Yates | DOCKET NO. 1:05 CV 943 |
| | SECTION P |
| VS. | JUDGE DRELL |
| Pat Thomas, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **Ricky Lane Yates,** ("Plaintiff"). Plaintiff was granted permission to proceed *in forma pauperis* on July 25, 2005. [Rec. Doc. 7]. Plaintiff is currently incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana.

Plaintiff alleges the defendants provided him with inadequate medical care in violation of the constitution by failing to treat his injuries sustained in an accident. However, plaintiff has been unable to substantiate his claim.

### I. FRIVOLITY REVIEW

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress

from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990); <u>Green v. Mckaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. *See*, <u>Haines v, Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989).A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably

meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5⁺ʰ Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5ᵗʰ Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5ᵗʰ Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

## II. MEDICAL CARE CLAIM

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5⁺ʰ Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5ᵗʰ Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5⁺ʰ Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5ᵗʰ Cir. 1986). Plaintiff's conclusive allegations, without more, do not sufficiently meet the above requirements.

In order to state a section 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S. Ct. 2321 303, 115 L. Ed. 2d 271 (1991); <u>Varnado v. Lynaugh,</u> 920 F.2d 320, 321 (5ᵗʰ Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving this risk, must deliberately fail to act. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, (1994).

Furthermore, negligent medical care does not constitute a valid section 1983 claim. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5ᵗʰ Cir. 1993); See also, <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5ᵗʰ Cir. 1993)(It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 322- 23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See, <u>Stewart v Murphy</u>, 174 F.3d at 534; <u>Mendoza</u>, 989 F.2d at 195; and <u>Varnado</u>, 920 F.2d at

### III. ANALYSIS

Plaintiff's pleadings and exhibits demonstrate a pattern of care by defendants. On August 8, 2005 Plaintiff requested and received medical emergency for pain and swelling in left thumb area after a softball accident. Plaintiff was evaluated and prescribed ice packs, Motrin for pain, and a lay in for three (3) days. On August 14, 2005 plainitff was seen by physician with no new orders.

On August 19, 2005, the physician wrote order for x-ray of left hand, duty status changed to indoors only. On August 24, 2005 , Plaintiff was sent to E.A. Conway for evaluation and X-ray of hand. It was noted, "no fracture, no new orders, no infection signs or symptoms.

Plaintiff at most has submitted evidence that he disagreed with his treatment, but this does not support a claim of deliberate indifference. Therefore, his claims should be dismissed pursuant to 28 U.S.C. §§1915(e)(B)(i)-(iii). For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

Rule 72(b), parties aggrieved by this recommendation have ten
(10) business days from service of this report and recommendation
to file specific, written objections with the Clerk of Court. A
party may respond to another party's objections within ten (10)
days after being served with a copy of any objections or response
to the district judge at the time of filing.

**Failure to file written objections to the proposed factual
findings and/or the proposed legal conclusions reflected in this
Report and Recommendation within ten (10) days following the date
of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking
either the factual findings or the legal conclusions accepted by
the District Court, except upon grounds of plain error.** *See,
Douglass v. United Services Automobile Association*, **79 F.3d 1415
(5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana,

this _6th_ day of _October_ , 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE